IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| BEATRICE LUNA, Individually and as Representative of the Estate of ISRAEL LEIJA, JR., Deceased, and CHRISTINA MARIE FLORES, as Next Friend of J.L.L. and J.V.L., Minor Children,<br><br>            PLAINTIFFS,<br>vs.<br><br>TEXAS DEPARTMENT OF PUBLIC SAFETY, TROOPER CHADRIN LEE MULLENIX, in his Individual Capacity, and TROOPER GABRIEL RODRIGUEZ, in his Individual Capacity,<br>            DEFENDANTS. | § § § § § § § § § § § § § § § § | CIVIL ACTION CAUSE NUMBER<br><br>2:12-CV-152-J |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT TEXAS DPS' MOTION TO DISMISS**

Before the Court is Defendant Texas Department of Public Safety's (DPS) opposed motion, filed April 9, 2012, to dismiss itself as a sued entity alleged to be liable for its employees' actions pursuant to Chapter 101 of the Texas Civil Practices and Remedies Code (the Texas Tort Claims Act). Now that this case has been removed from state court by Defendants,/[1] transferred to Austin, re-transferred back to Amarillo, and is properly before this Court, Defendant's motion is ripe for adjudication.

Plaintiffs allege that DPS Troopers Mullenix and Rodriguez are liable for intentional violations of Israel Leija, Jr.'s federal civil rights. Plaintiffs further allege, in the alternative, the negligent use of tangible state-issued personal property by those Troopers under circumstances where there would be private liability, actionable pursuant to § 101.021 of the Texas Tort Claims Act.

---

[1] A state's voluntary removal of an action to federal court waives its immunity from suit. *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 255 (5th Cir. 2005).

Under the Texas Tort Claims Act, Defendant DPS, as the agency employing Troopers Mullenix and Rodriguez, may be sued as the real party in interest for the Troopers' alleged negligent misuse of tangible property. *See* § 101.106(f) Tex. Civ. Prac. & Rem. Code (Vernons 2004)(claims for negligence of governmental employees in the course and scope of their employment should be brought against the governmental entity, not against the employees, and in the event such claims are alleged against an employee, the court may substitute the governmental employer as the real party defendant).

Defendant Texas DPS' motion to dismiss the Plaintiffs' Texas Tort Claims Act claims against it is therefore denied.

It is SO ORDERED.

Signed this the _____11____ day of March, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE